IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 20-cr-210-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  ERIC GONZALES,
2.  **EDUARDO MARQUEZ,**
3.  DONIELLE ARAGON,
4.  DAVID MAES,
5.  ADRIAN ARAGON,

 Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION FOR PRESENTENCE RELEASE PURSUANT TO 18 U.S.C. § 3145(C)**

---

This matter is before the Court on Defendant Eduardo Marquez's Motion for Presentence Release Pursuant to 18 U.S.C. § 3145(c) ("Motion"). (ECF No. 118.) The Government responded on October 14, 2021. (ECF No. 129.)

For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Defendant was charged with (1) five counts of distribution and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and/or 18 U.S.C. § 2; (2) three counts of distribution and possession with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable

amount of marihuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and/or 18 U.S.C. § 2; (3) one count of conspiracy to distribute and possess with intent to distribute one or more of the following Controlled Substances: (a) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (b) less than 50 kilograms of a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), and 846; and (4) one count of conducting a financial transacting affecting interstate commerce which involved the proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (ECF No. 1.)

Following a detention hearing on July 20, 2020, United States Magistrate Judge Michael E. Hegarty ordered that Defendant be detained, concluding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. (ECF No. 35 at 1.) Specifically, Judge Hegarty noted that there was a statutory presumption of detention in this case and that Defendant had not overcome the presumption. (*Id.* at 3.)

On July 20, 2021, Defendant entered a plea of guilty to Count 4 of the Indictment, which charged a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (possession with intent to distribute a mixture or substance containing a detectable amount of cocaine). (ECF No. 112.) Sentencing is set for December 30, 2021 at 1:00 p.m. in Courtroom A801. (ECF No. 112.)

## II. POST-CONVICTION PRESUMPTIONS & EXCEPTIONS

Under the relevant portion of the Bail Reform Act,

2

> [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Despite the foregoing, the Court may release a person facing pre-sentencing detention if the Court finds "exceptional reasons":

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) [regarding pre-sentencing detention] or (b)(1) [regarding detention pending appeal], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The "conditions of release set forth in section 3143(a)(1)" are that the "the person is not likely to [1] flee or [2] pose a danger to the safety of any other person or the community if released." *Id*. § 3143(a)(1). The burden of proof as to these two findings is "clear and convincing evidence." *Id*.

### III. ANALYSIS

Defendant concedes that § 3143(a)(2) does not apply. (ECF No. 118 at 3–4.) In

this light, Defendant's only avenue for pre-sentencing release is by "clearly show[ing] that there are exceptional reasons why [his] detention would not be appropriate" and that he is neither a flight risk nor a danger to the community.  (*Id.* at 4 (citing 18 U.S.C. § 3145(c)).

Defendant argues that he "is at an increased risk of suffering severe illness if he contracts COVID-19 because he suffers from moderate persistent asthma that requires the daily use of two different inhalers, the twice daily use of a prescription medication typically used to treat chronic obstructive pulmonary disease, and reoccurring nebulizer treatments."  (ECF No. 118 at 5.)  He further argues that he crime to which he pled guilty—possession with intent to distribute cocaine—is not a crime of violence, that his most recent felony conviction was 10 years ago, and that he did not attempt to flee or otherwise pose a threat to the community in the 10 months that elapsed prior to arrest "despite knowing federal charges were looming on the horizon."  (*Id.* at 7.)  He further emphasizes that Judge Hegarty recognized that Defendant "appears to be sincere in his claim that he turned his life around during the time he was out of custody between September 4, 2019, and his arrest on July 15, 2020."  (*Id.*)

In response, the Government argues that Defendant's request fails because he "is unable to satisfy that requirement that he does not pose a danger to the community" and that "[D]efendant's circumstances do not arise to exceptional reasons for release of the [D]efendant."  (ECF No. 129 at 1.)

As an initial matter, the Court has serious doubts about whether Defendant has demonstrated that he has moderate to severe asthma that places him at serious risk if

he contracts COVID-19.[1]  *Cf. United States v. Kyger*, 2020 WL 4041459, at *3–4 (D. Colo. July 17, 2020) (describing asthma severity classifications established by National Asthma Education and Prevention Program).  Nonetheless, the Court assumes for purposes of this Motion only that Defendant has demonstrated extraordinary and compelling circumstances.  Even so, the Court cannot conclude that release is warranted at this juncture because Defendant has failed to establish by clear and convincing evidence that he does not pose a danger to the community.

In his Order of Detention, Judge Hegarty noted the following:

> On the record, the Assistant U.S. Attorney made representations about threats of physical violence (including retaliation) by the Defendant, as well as Defendant recounting past alarming criminal history such as carrying a weapon during drug transactions and engaging in home

---

[1] The Court further notes that Defendant makes no argument regarding his vaccination status.  (*See generally* ECF No. 118.)  However, as numerous courts around this country have recognized, a defendant's vaccination status is highly relevant to the determination of whether there are extraordinary and compelling circumstances warranting release at this stage of the COVID-19 pandemic.  *See, e.g.*, *United States v. Paulino*, 2021 WL 5038994, at *3 (D. Conn. Oct. 29, 2021) (finding a defendant's refusal "to vaccinate to protect himself and others highly unfavorable to his claim that a modification of his sentence is necessary for his safety in prison" and concluding that defendant "has not presented extraordinary and compelling reasons warranting a modification of his sentence"); *United States v. Rivas*, 2021 WL 3603471, at *5 (E.D. Tex. Aug. 13, 2021) (recognizing that "[a] denial of vaccination is a denial of self-care, and refusing the vaccine that would mitigate risks of infections negates any extraordinary and compelling circumstances"); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release"); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) (concluding that there were no extraordinary and compelling reasons for release where the defendant refused the Pfizer-BioNTech COVID-19 vaccine); *United States v. Lohmeier*, 2021 WL 365773, at *3 (N.D. Ill. Feb. 3, 2021) (stating that the defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction" and that the defendant "is contributing to any risk that remains"); *United States v. McBride*, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (stating that "[d]efendant's refusal [of the vaccine] undermines his assertion that extraordinary and compelling reasons exist").

>invasions involving tying up the home occupants.
>
>. . .
>
>Of significance in Defendant's favor, he appears passionate about his family (five children under 13).  However, it was difficult to reconcile the absence of any significant work history in the past 15 years.  It was also significant that Defendant was involved in helping others who have substance abuse issues.  This conversion apparently arises from a cocaine overdose and near death experience last year.  In my experience, such an event can certainly be the foundation for real and lasting change.  But it is difficult to find on this record that there has been a true change.  AUSA Phillips proffered that Defendant stated his intention of cooperating with law enforcement once confronted with his involvement in the drug trafficking organization, but shortly thereafter withdrew from cooperation.  I think that perhaps Defendant's intentions are sincere, but he finds himself in a circle of friends or acquaintances who will not let him truly change.  Without the presumption of detention, and particularly in light of the current COVID-19 pandemic, Defendant would present a close case for release.  But in t[r]ying to adjudicate whether that presumption has been overcome, I believe it has not.

(ECF No. 35 at 3.)

The Court agrees with Judge Hegarty's assessment.  Although Defendant emphasizes that his most recent felony conviction was ten years ago, Defendant has now pled guilty to a crime that carries a sentence of up to 20 years' imprisonment and an estimated sentencing guidelines range of 46–57 months' imprisonment.  (*See* ECF No. 129 at 2.)  Moreover, the Court notes that Defendant has a lengthy criminal history, which includes a history of violent crimes and absconding from parole.  After carefully considering the parties' arguments, the Court ultimately concludes that Defendant has failed to demonstrate by clear and convincing evidence that he does not pose a danger to the community to overcome the presumption of detention.

Accordingly, because Defendant has failed to satisfy the requirements of 18 U.S.C. § 3145(c), the Motion is denied.

## IV. CONCLUSION

For the reasons set forth herein, the Court ORDERS that Defendant's Motion for Presentence Release Pursuant to 18 U.S.C. § 3145(c) is DENIED.

Dated this 30th day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge